State of Maine *v.* Thomas.

———◆———

STATE OF MAINE *versus* WILLIAM W. THOMAS, JR.
SAME      <em>versus</em> ELIAS THOMAS, 2d.<br>SAME      <em>versus</em>     SAME.

By c. 216, § 1, of the Public Laws of 1868, the original and appellate criminal jurisdiction, and all powers incident thereto, of the Supreme Judicial Court, within and for the county of Cumberland, was transferred to and conferred upon the Superior Court for that county.

The last clause of § 12, c. 151, of the Public Laws of 1868,\* providing for the transfer, under certain circumstances, of cases from the docket of the Superior to that of the Supreme Court, has reference to civil cases only.

By virtue of the first clause of § 12, c. 151,\* when an indictment has been found against a nephew of the Justice of the Superior Court, any Justice of the Supreme Judicial Court may, at the request of the Justice of the Superior Court, preside in the Superior Court long enough to try the accused on such indictment.

ON REPORT.

INDICTMENTS for assault and battery, found at the May term, 1868, of the Superior Court, and transferred to this

---

\* See opinion.

Court, because the parties defendant are nephews of the Judge of the Superior Court.

There being no terms of this Court for the transaction of criminal business, these cases came up at the April term, 1869, of this Court, which is a term held for the transaction of civil business. And the presiding Judge, not being of the opinion that this Court could take cognizance of or try the respondents on the indictments at this term, and being doubtful whether the indictments could be legally transferred to this Court for the cause mentioned, or whether there is in this Court, under the existing statutes, any power to take cognizance of the indictments and try the same, reported the cases to the full Court for the decision of these questions.

*W. P. Frye, Att'y Gen'l,* for the State.

*Shepley & Strout,* for the respondents.

APPLETON, C. J. — This was an indictment found by the grand jury of this county at the May term of the Superior Court, and transferred to this Court because the defendant is a nephew of the Justice of the Superior Court.

By R. S., 1857, c. 77, § 22, civil and criminal jurisdiction is given to the Supreme Judicial Court. But this jurisdiction is to be exercised at different terms. Civil causes could not be tried at terms held "for the transaction of criminal business." Indictments could not be tried at terms held "for the transaction of civil business."

By an Act approved March 6, 1868, c. 216, § 1, the original and appellate criminal jurisdiction of the Supreme Judicial Court for the county of Cumberland was transferred from that Court to the Superior Court, and conferred upon the latter. By § 5, the terms "for the transaction of criminal business" in the Supreme Judicial Court were abolished. By § 2, terms were established for the transaction of criminal business in the Superior Court.

Before these changes of the law, criminal cases could

not have been heard in the Supreme Judicial Court at terms established for "the transaction of civil business." The transference of all criminal jurisdiction from that Court to the Superior Court cannot give the Court the right, at a civil term, to hear and determine criminal cases, which it had not before.

Nor is the authority to try criminal causes given by the last clause of c. 151, § 12, approved Feb. 12, 1868, which provides, "whenever the Justice of said Superior Court shall be disqualified by interest or other lawful cause from trying any cause pending in said Court, said case shall thereupon be transferred to the docket of the Supreme Judicial Court for said county, and disposed of in said Court according to law."

Now this clause cannot refer to criminal cases. It must be construed in connection with existing statutes. The abolition of the criminal jurisdiction of the Supreme Judicial Court prevents the transference of indictments to that Court. There is no docket of criminal causes, and it cannot "be disposed of in said Court according to law." The Supreme Court, therefore, cannot try the prisoner.

Is the defendant, then, exempt from criminal liability? Is there no Court by which he can be tried? By no means. He was properly indicted in the Superior Court. That Court has exclusive criminal jurisdiction, save in matters of exception, &c. By § 12,—"In case the Justice of said Superior Court should, by reason of continued sickness or other cause, be prevented from holding a term or terms of said Court, any Justice of the Supreme Judicial Court may, at the request of said Justice of said Superior Court, hold such term or terms of said Superior Court, in place of the Justice thereof." This section is general, and applies as well to terms subsequently established as to those created by the Act in which it is found. Terms embrace the days of which they are composed. The greater includes the less. The Justice of the Superior Court is authorized to request a Justice of the Supreme Court to hold a term "by reason of

continued sickness or other cause." But, when the cause ceases, a Justice of the Supreme Court is no longer under obligation to render the requested aid. It was not the intention of the Legislature, that this Court should hold a term or a part of a term of the Superior Court when no cause existed for his so doing. When the cause for asking the intervention of a Justice of this Court ceases, it is the duty of the Justice of the Superior Court at once to resume the business of his Court. All obligation to hold in his place ceases. Whenever, therefore, a sufficient cause exists why the Justice of the Superior Court cannot hold a term or a part of a term, a Justice of the Supreme Court may hold the term or part of the term in his place. He may try one indictment or all the indictments of the term, accordingly, as the cause, for which his intervention is asked, may or may not continue.

The case is remanded to the criminal term of the Superior Court for further proceedings.

CUTTING, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.